JOEL D. SIEGEL (Bar No. 155581)
joel.siegel@dentons.com
PAUL M. KAKUSKE (Bar No. 190911)
paul.kakuske@dentons.com
POOJA L. SHAH (Bar No. 330550)
pooja.l.shah@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Attorneys for Defendant
ULTA SALON, COSMETICS AND FRAGRANCE, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN WRIGHT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC.,<br><br>Defendant. | Case No. 22CV1954 BAS BLM<br><br>**DEFENDANT ULTA SALON, COSMETICS & FRAGRANCE, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date: March 20, 2023<br>NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT<br><br>Crtrm: 4B<br>Judge: Hon. Cynthia A. Bashant |

-

# **TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| I. | INTRODUCTION | 6 |
| II. | PLAINTIFF'S ALLEGATIONS | 7 |
| III. | LEGAL STANDARD | 8 |
| IV. | ARGUMENT | 8 |
| | A. Plaintiff Fails to State a Claim under Either the Federal Wiretap Act or CIPA Section 631 | 8 |
| |    1. The Statutory Framework | 8 |
| |    2. As an Alleged Party to the Communication, Ulta Cannot Be Liable for Wiretapping or Eavesdropping | 10 |
| |    3. Plaintiff Has Not Alleged The Interception of Any Communication While "In Transit" | 12 |
| |    4. Plaintiff's Section 631 Claims Fails to Plead That She Communicated Via a "Telephone or Telegraph Wire, Line, Cable, or Instrument" | 14 |
| | B. The Complaint Should Be Dismissed Without Leave to Amend. | 15 |
| V. | CONCLUSION | 15 |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adler v. Community.com*,
  2021 WL 4805435 (C.D. Cal. Aug. 2, 2021) ..................................................... 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................... 8

*Crowley v. CyberSource Corp.*,
  166 F. Supp. 2d 1263 (N.D. Cal. 2001) ............................................................ 13

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) ............................................................................ 15

*In re Facebook, Inc. Internet Tracking Litig.*,
  956 F.3d 589 (9th Cir. 2020) ..................................................................... 10, 11

*Garback v. Lossing*,
  2010 WL 3733971 (E.D. Mich. Sept. 20, 2010) .............................................. 13

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) ............................................................................ 8

*Global Policy Partners, LLC v. Yessin*,
  686 F. Supp. 2d 631 (E.D. Va. 2009) ............................................................... 13

*In re Google Ass't. Privacy Litig.*,
  457 F. Supp. 3d ........................................................................................... 13, 14

*In re Google Inc. Cookie Placement Consumer Priv. Litig.*,
  806 F.3d 125 (3rd Cir. 2015) ............................................................................ 10

*Graham v. Noom, Inc.*,
  533 F. Supp. 3d 823 (N.D. Cal. 2021) .............................................................. 11

*Konop v. Hawaiian Airlines, Inc.*,
  302 F.3d. 868 (9th Cir. 2002) ........................................................................... 12

*Mastel v. Miniclip SA*,
    549 F. Supp. 3d 1129 (E.D. Cal. 2021) ............................................................. 9, 14

*Membrila v. Receivables Performance Management, LLC*,
    2010 WL 1407274 (S.D. Cal. Apr. 6, 2010) ........................................................ 11

*Mireskandari v. Mail*,
    2013 WL 12129559 (C.D. Cal. July 30, 2013) .................................................... 12

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) .................................................................................. 8

*NovelPoster v. Javitch Canfield Grp.*,
    140 F. Supp. 3d 938 (N.D. Cal. 2014) ................................................................. 12

*Quigley v. Yelp, Inc.*,
    2018 WL 7204066 (N.D. Cal. Jan. 22, 2018) ...................................................... 12

*Rogers v. Ulrich*,
    52 Cal. App. 3d 894 (1975) ............................................................................ 10, 11

*Rosenow v. Facebook, Inc.*,
    2020 WL 1984062 (S.D. Cal. Apr. 27, 2020) ...................................................... 13

*Saleh v. Nike, Inc.*,
    562 F. Supp. 3d 503 (C.D. Cal. 2021) .................................................................. 11

*Ticketmaster L.L.C. v. Prestige Ent. W., Inc.*,
    315 F.Supp.3d 1147 (C.D. Cal. 2018) ................................................................... 8

*In re Vizio, Inc., Consumer Privacy Litig.*,
    238 F. Supp. 3d 1204 (C.D. Cal. 2017) ............................................................... 13

*Warden v. Kahn*,
    99 Cal. App. 3d 805 (1979) .................................................................................. 10

*Williams v. What If Holdings, LLC*,
    2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ................................................... 11

**Statutes**

18 United States Code
    §§ 2510 *et seq.* ................................................................................................ *passim*
    § 2511(1)(a) ........................................................................................................... 8

- 4 -

28 United States Code
 § 2511(2)(d) .................................................................................................... 10

California Penal Code
 §§ 630 et seq. ..................................................................................................... 6
 § 631 .......................................................................................................... passim
 § 631(a) ........................................................................................................ 9, 13

**Rules and Regulations**

Federal Rules of Civil Procedure
 Rule 12(b)(6) ..................................................................................................... 8

## I. INTRODUCTION

Plaintiff's Complaint is a baseless attempt to apply the criminal and penal code provisions of the federal Wiretap Act (18 U.S.C. §§ 2510 *et seq.*) ("Wiretap Act") and the California Invasion of Privacy Act (Cal. Penal Code §§ 630 *et seq.*) ("CIPA") to the routine, commonplace use of "session replay" software on customer-facing websites like the site operated by Defendant Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta").

This action is but one of dozens of abusive, copy-cat complaints flooding California federal and state courts. In this district alone, and at last count, this same plaintiff's counsel has filed no less than 17 such class action lawsuits over the last several months, often on behalf of the same serial plaintiff. Countless others are pending in other districts as well. Not surprisingly, therefore, this Court is not the first to address the viability of these actions -- several district courts have already weighed in, dismissing virtually identical "session replay" complaints that suffered from the same infirmities present here.

For one, Plaintiff's own allegations acknowledge that Ulta was the intended recipient of the communications at issue. As a party to the communications, Ulta falls squarely within the "party exception" to liability under both the Wiretap Act and CIPA Section 631. Nor does Plaintiff allege that any communication was intercepted "in transit" – i.e., *prior* to the time the communication was received on Ulta's website, as both the Wiretap Act and Section 631 demand.

Finally, and to the extent Plaintiff seeks to assert a claim under Section 631's "wiretapping" clause, she fails to allege that any communication was made via a "telegraph or telephone" line – a mandatory Section 631 element.

For all of these reasons, the Court should reject Plaintiff's invitation to drastically expand the scope of liability under the Wiretap Act and CIPA to expose vast swaths of website operators to criminal and civil liability.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that, at some unknown time in the "last few years [she] visited [Ulta's] website." (Complaint ¶ 32). She does not claim to be an Ulta customer, and provides no explanation as to why she purportedly visited Ulta's site. She repeatedly alleges she sent "communications" to Ulta's website, yet never alleges the specific communications she herself engaged in with Ulta's website.

Plaintiff's alleges in conclusory fashion, Ulta "used session replay 'spyware' to intercept [her] electronic communications…" (*Id.* ¶ 41), and collect information including "mouse clicks and movements, keystrokes, search terms, information inputted by Plaintiff, pages and content viewed, scroll movements, and copy and paste actions." (*Id.* ¶ 43). Ulta then purportedly "stored the communications and played them back and analyzed them for business purposes." (*Id.* ¶ 50).

Counsel for Plaintiff has filed at least 17 nearly identical copycat complaints in the last three months, asserting these same legal conclusions and boilerplate recitations of the elements of Wiretap Act and CIPA Section 631 claims.[1]

---

[1] *David Kauffman v. Papa John's International, Inc*., 3:22-cv-01492 (S.D. Cal.); *David Kauffman v. Lending Force Mortgage LLC*., 3:22-cv-01945 (S.D. Cal.); *David Kauffman v. Lending Bug, Inc*., 3:22-cv-01925 (S.D. Cal.); *David Kauffman v. Lend-A-Loan, LLC*, 3:22-cv-01911 (S.D. Cal.); *David Kauffman v. Capital Home Mortgage, LLC*, 3:22-cv-01940 (S.D. Cal.); *David Kauffman v. Direct Home Mortgages, LLC*, 3:22-cv-01937 (S.D. Cal.); *David Kauffman v. eMortgage Funding, LLC*, 3:22-cv-01934 (S.D. Cal.); *David Kauffman v. Zillow Group, Inc*., 2:22-cv-01694 (S.D. Cal.); *David Kauffman v. Alaska Airlines, Inc*., 3:22-cv-01525 (S.D. Cal.); *David Kauffman v. American Airlines, Inc*., 4:22-cv-01123 (S.D. Cal.); *Ophelia Augustine v. Quest Diagnostics Incorporated*, 3:22-cv-01980 (S.D. Cal.); *Russell Smith v. Volvo Car USA, LLC*, 3:22-cv-01965 (S.D. Cal.); *Joan Wright v. Greenlight Financial Technology, Inc.*, 3:22-cv-02025 (S.D. Cal.); *Ophelia Augustine v. Lenovo (United States), Inc.*, 3:22-cv-02027 (S.D. Cal.); *Emir Balanzar v. HP Inc*., 3:22-cv-02030 (S.D. Cal.); *Gregory Moore Jr. v. BPS Direct LLC*, 3:22-cv-01951 (S.D. Cal.); *Gregory Moore Jr. v. Carhartt, Inc.*, 3:23-cv-00145 (S.D. Cal.).

## III. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "threadbare" recitation of the elements of a cause of action does not suffice. *Id*. Neither do conclusory allegations or allegations that "merely track[] the language of the statute[s] [themselves], without providing facts to substantiate the claimed legal conclusions." *Ticketmaster L.L.C. v. Prestige Ent. W., Inc.*, 315 F.Supp.3d 1147, 1175 (C.D. Cal. 2018); *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (courts should not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). To survive dismissal, Plaintiff must plead sufficient factual content that allows the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. ARGUMENT

### A. Plaintiff Fails to State a Claim under Either the Federal Wiretap Act or CIPA Section 631

#### 1. The Statutory Framework

The Wiretap Act imposes liability on any person who "intentionally intercepts, endeavors to intercept…any wire, oral, or electronic communication[s]." 18 U.S.C. § 2511(1)(a); *see* Complaint ¶ 75.

CIPA Section 631 is California's analogue to the Wiretap Act and is frequently interpreted as coextensive with the federal Act. The California Supreme Court has explained that, while CIPA Section 631 is titled "Wiretapping," it in actuality contains three operative clauses covering "three distinct and mutually independent patterns of conduct": (1) [Clause 1] "intentional wiretapping," (2) [Clause 2] eavesdropping, and (3) [Clause 3] "use" or "attempted use" of information obtained

via Clause 1 or Clause 2. *See Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1134 (E.D. Cal. 2021) (quoting *Tavernetti v. Super. Ct.*, 22 Cal. 3d 187, 192 (1978)).

Specifically, Section 631's "wiretapping" provision [Clause 1] imposes liability on any person:

> "who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system . . ."

Penal Code § 631(a).

Section 631's "eavesdropping" provision [Clause 2] imposes liability on persons who:

> "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state."

*Id.*

Section 631's "use" provision [Clause 3] requires a predicate violation of either Clause 1 or Clause 2, and imposes liability on any person who:

> "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained . . ."

*Id.*

Section 631 also imposes liability on any person "who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above . . ." *Id.*

The Complaint purports to assert a single Section 631 cause of action for "Wiretapping and Interception" (Complaint ¶¶ 77-91), blurring the distinction between the separate, operative clauses, and indiscriminately combining them into a single, convoluted claim. (*See id.*) In any event, as explained below, Plaintiff has failed to state a claim under any of the three CIPA clauses.

- 9 -

### 2. As an Alleged Party to the Communication, Ulta Cannot Be Liable for Wiretapping or Eavesdropping

Plaintiff's Wiretap Act and Section 631 claims fail for the fundamental reason that Ulta was the intended recipient of the communications and thus cannot wiretap or eavesdrop upon its *own* communications.

The Wiretap Act expressly states that "a party to the communication" cannot be liable for wiretapping or eavesdropping. *See* 28 U.S.C. § 2511(2)(d) ("it shall not be unlawful under this chapter for a person…to intercept a wire, oral, or electronic communication where such person is a party to the communication."); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020) (noting that the federal Wiretap Act "contain[s] an exemption from liability for a person who is a 'party' to the communication . . ."); *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 143 (3rd Cir. 2015) (same).

As to CIPA, numerous federal and state courts have held that this "party exception" applies to Section 631 claims as well. *See In re Facebook*, 956 F.3d at 607 (a "party to the communication" cannot violate Section 631). Like the Wiretap Act, Section 631 only prohibits *third parties* from intruding upon a conversation – it does not prohibit website operators from monitoring their own website communications. It simply cannot be "a secret to one party to a conversation that the other party is listening to the conversation; *only a third party can listen secretly to a private conversation.*" *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899 (1975) (emphasis added) ("'Eavesdropping' is the problem the Legislature meant to deal with; 'eavesdrop' is defined in Webster's 7th New Collegiate Dictionary (1972) as 'to listen secretly to what is said in private.'"); *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979) ("[S]ection 631 ... has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation.").

For decades courts have applied the so-called "party exemption" to Section 631 in the context of conventional telephonic communications, since CIPA was

- 10 -

drafted with those types of communications in mind. *See, e.g. Rogers*, 52 Cal. App. 3d at 899 (defendant could not be liable under Section 631 for the non-consensual tape recording and dissemination of his own telephone conversations because "participant recording was not meant to be included" in Section 631); *Membrila v. Receivables Performance Management, LLC*, 2010 WL 1407274, at *2 (S.D. Cal. Apr. 6, 2010).

In recent years, courts have also applied the "party exemption" in a technical context similar to the website communications at issue here. *See In re Facebook*, 956 F.3d at 607–08 (instructing courts to examine the "technical context" presented by the communications at issue to determine the "parties" to those communications.). In *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823 (N.D. Cal. 2021), the plaintiff visited Noom's website to search for information concerning diets. Noom used a third-party vendor's program "to capture and analyze data so that [the vendor] can see how visitors are using their websites." *Id*. at 828. The plaintiffs in *Graham* alleged that the vendor wiretapped their communications in violation of CIPA Section 631. *Id.* The court dismissed the claim on the grounds that Noom could not wiretap or eavesdrop upon its own user's website communications because Noom was a party to those communications. *Id.* at 832.

Similarly, in *Saleh v. Nike, Inc*., 562 F. Supp. 3d 503 (C.D. Cal. 2021), the Court found that Nike was a party to the communication and therefore not liable for a violation of Section 631 when it allegedly used "session replay" technology that recorded the plaintiff's electronic communications with Nike's website, including mouse clicks, keystrokes, data entry, and other information. *Id*. at 509, 518; *see also Williams v. What If Holdings, LLC*, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022) (defendant What If, "[a]s the website owner, [] was the intended recipient of plaintiff's communication" and cannot eavesdrop on its own conversation).

Here, Plaintiff expressly acknowledges, as she must, that Ulta (specifically, Ulta's website) was the intended recipient of the communications at issue: "[Ulta]

- 11 -

1  read, learn[ed] the contents of, and [made] reports on Plaintiff's and Class
2  Members' interactions *on [Ulta's] website*." (Complaint ¶ 4) (emphasis added); *see*
3  *also id.* ¶ 73. Thus, the "party exception" bars her Wiretap Act and Section 631
4  claims.

### 3. Plaintiff Has Not Alleged The Interception of Any Communication While "In Transit"

Plaintiff also fails to allege or explain, in any meaningful way, how any purported communication with Ulta was purportedly intercepted while the communication was still "in transit," *i.e.*, intercepted prior to the time the communication reached the intended recipient (Ulta) and is in electronic storage on, for example, the recipient's server. This "in transit" requirement is mandatory under both the Wiretap Act and Section 631. *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d. 868, 878 (9th Cir. 2002) (under the Wiretap Act, the interception of a communication "in transit" means it must be "acquired during transmission" and not after the communication has already been received by the recipient and "is in electronic storage"); Penal Code § 631 (interception must occur "while the same was *in transit* or passing over any wire, line, or cable . . .") (emphasis added); *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 953 (N.D. Cal. 2014) (applying *Konop*'s analysis of the Wiretap Act to a CIPA claim); *Adler v. Community.com,* 2021 WL 4805435, at *4 (C.D. Cal. Aug. 2, 2021) (dismissing CIPA claim because Plaintiff did not state a "plausible allegation that Defendant acted to learn the contents of the message while they were, in a technical sense, in transit or in the process of being received."); *Quigley v. Yelp, Inc.*, 2018 WL 7204066, at *4 (N.D. Cal. Jan. 22, 2018); *Mireskandari v. Mail*, 2013 WL 12129559, at *10 n.44 (C.D. Cal. July 30, 2013).[2]

---

[2] Because Plaintiff has failed to state a claim under either Clause 1 ("wiretapping") or Clause 2 ("eavesdropping"), she has by definition failed to state a derivative claim under Clause 3, which imposes liability on one who "uses, or attempts to use,
*{footnote continued}*

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

The Complaint makes no plausible factual allegations showing any communication was intercepted *during* transmission. Plaintiff's conclusory claims that the session replay software "allows [Ulta] to contemporaneously intercept, capture, read, observe, re-route, redirect and receive" electronic communications is a boilerplate recitation of CIPA elements. (Complaint ¶ 9).[3] This allegation is wholly inadequate and does not provide Ulta with any meaningful notice or understanding of Plaintiff's eavesdropping theory. *See In re Vizio, Inc., Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1227-28 & n.9 (C.D. Cal. 2017) (holding that a "vague allegation" that interception occurs "in real time" is too conclusory to state an eavesdropping claim under either CIPA or the Wiretap Act); *Rosenow v. Facebook, Inc.*, 2020 WL 1984062, at *7 (S.D. Cal. Apr. 27, 2020) ("[Plaintiff's] allegation that Yahoo intercepted [Plaintiff's] communications during transit are conclusory.").[4]

If anything, Plaintiff's allegations foreclose the possibility that any interception could have occurred "in transit." Plaintiff alleges that the session replay "code" that purportedly intercepts communications is "embedded within

---

in any manner, or for any purpose, or to communicate in any way, any information so obtained." Penal Code § 631(a); *see In re Google Ass't. Privacy Litig.*, 457 F. Supp. 3d at 827.

[3] *See also* Complaint ¶ 47) ("[Ulta] intentionally intercepted…"); (*Id.* ¶ 73) ("[Ulta] intercepted Plaintiff's and Class Members' electronic communications…").

[4] *See also Crowley v. CyberSource Corp.*, 166 F. Supp. 2d 1263, 1268 (N.D. Cal. 2001) (courts should "not accept a conclusory allegation that conduct alleged in the complaint constituted an interception under the Wiretap Act"); *Garback v. Lossing*, 2010 WL 3733971, at *4 (E.D. Mich. Sept. 20, 2010) (the court rejected the "conclusory allegation" of "intercept"); *Global Policy Partners, LLC v. Yessin*, 686 F. Supp. 2d 631, 639 (E.D. Va. 2009) (dismissing Wiretap claim where plaintiffs did not meet their pleading burden despite using the word "intercepted" at least thirteen times in the complaint because "mere use of the word, even repeatedly, does not make it so").

- 13 -

[Ulta's] website." (Complaint ¶ 38.) In other words, this alleged "code" is triggered only *after* a communication reaches Ulta's website, not "in transit."

For this reason as well, the Wiretap Act and Section 631 claims should be dismissed.

### 4. Plaintiff's Section 631 Claims Fails to Plead That She Communicated Via a "Telephone or Telegraph Wire, Line, Cable, or Instrument"

To the extent Plaintiff seeks to assert a claim under Section 631, Clause 1 (wiretapping), that claim fails for the additional reasons that Plaintiff fails to allege that she communicated with Ulta via "telephone or telegraph wires, lines, cables, or instruments," as Clause 1 demands. To the extent Plaintiff interacted with Ulta at all, it was allegedly *via the Internet*, with Ulta's website, and not via any "telegraph or telephone." (Complaint ¶ 78 ("Plaintiff…accessed [Ulta's] website")). These internet-based communications are not covered by the plain language of Section 631. Her allegation that she (and class members) purportedly used "computers, smart phones, and tablets and/or other electronic computing devices" (*Id.*, ¶ 88) is not sufficient. *See In re Google Ass't Privacy Litig.*, 457 F. Supp. 3d 797, 825-26 (N.D. Cal. 2020) (dismissing Section 631 wiretapping claim for failure to allege how software at issue was "using telegraph or telephone wires").

For example, courts have held because a smart phone's web browsing functionality is separate and apart from its telephone functionality, courts have refused to extend Section 631's "telegraph or telephone" requirement to Internet communications merely because the plaintiff's web browser *happens* to be on a "smart phone." *See Mastel v. MiniClip SA,* 549 F.Supp.3d 1129, 1135-36 (E.D. Cal. 2021) (dismissing Section 631 wiretapping claim: "Although iPhones contain the word 'phone' in their name," Plaintiff was using "a feature of the portion of the iPhone that functions as a computer, not the phone.").

The intentional wiretapping (Clause 1) claim fails for this reason.

- 14 -

### B. The Complaint Should Be Dismissed Without Leave to Amend.

This Court should dismiss Plaintiff's claim without leave to amend because Plaintiff cannot show that she can cure the defects in his pleading. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016). There is no amendment that can be truthfully made to the Complaint that would allow Plaintiff to assert colorable Wiretap Act or CIPA Section 631 claims against Ulta.

## V. CONCLUSION

For the reasons above, this Court should grant this motion and dismiss the case against Ulta in its entirety, with prejudice.

Dated: February 17, 2023

Respectfully submitted,

DENTONS US LLP

By: */s/ Joel D. Siegel*
Joel D. Siegel
Paul M. Kakuske
Pooja L. Shah

Attorneys for Defendant
ULTA SALON, COSMETICS &
FRAGRANCE, INC.

122886378